IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaun Michael Harris, | No. CV-13-01888-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Michelle H. Burns (Doc. 32). The Petition asserts seven grounds for relief. After a thorough analysis, Judge Burns made the following determinations. As to ground one, alleging a Fourth Amendment violation based upon the search and seizure of Petitioner's cell phone, Judge Burns found that it was not cognizable on federal habeas review because Petitioner had a full and fair opportunity to litigate that constitutional claim in the Arizona state courts. Judge Burns likewise found that Petitioner did not state a basis for federal habeas review with respect to grounds two, five and six because each "challenge[d] the state court's application of the Arizona Rules of Evidence and Arizona's statutory sentencing scheme[,]" rather than alleging federal constitutional or statutory violations. Pet. (Doc. 32) at 8:6-7.

Petitioner's remaining grounds, three, four and seven, Judge Burns found, failed on the merits. In each, Petitioner alleged that he received ineffective assistance of counsel ("IAC") for a variety of reasons. As Judge Burns soundly reasoned, "[b]ecause

1 Petitioner has not demonstrated that trial counsel's performance was deficient or that he
2 was prejudiced as a result, the state court's rejection of Ground Three was not an
3 unreasonable application of Strickland [v. Washington, 466 U.S. 668 (1984)]."  Pet.
4 (Doc. 32) at 13:12-14.  Judge Burns also found grounds four and seven to be without
5 merit because Plaintiff did not carry his burden under *Strickland*.

6 In recommending denial of the Petition and dismissal with prejudice, Judge Burns
7 expressly advised the parties that they had fourteen days to file objections and that the
8 failure to file timely objections "may result in the acceptance of the [R & R] by the
9 district court without further review."  Pet. (Doc. 32) at 16:1-2) (citing *United States v.*
10 *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)).   She further advised the parties that
11 "[f]ailure timely to file objections to any factual determinations of the Magistrate Judge
12 will be will be considered a waiver of a party's right to appellate review of the findings of
13 fact in an order or judgment entered pursuant to the Magistrate Judge's
14 recommendation."  (*Id.* at 16:3-6) (citing Rule 72, Federal Rules of Civil Procedure).

15 The parties have not filed objections and the time to do so has expired.  Absent
16 any objections, the Court is not required to review the findings and recommendations in
17 the R&R.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the
18 Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any
19 review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia*, 328
20 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo
21 any part of the magistrate judge's disposition that has been properly objected to.").

22 Nonetheless, the Court has reviewed the R&R and agrees with its findings and
23 recommendations.  The Court will, therefore, accept the R&R, deny the Petition and
24 dismiss this matter with prejudice.  *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court
25 may accept, reject, or modify, in whole or in part, the findings or recommendations made
26 by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

27 Accordingly,
28 **IT IS ORDERED ACCEPTING AND ADOPTING** as an order of this Court

Magistrate Judge Burns' R&R (Doc. 32).

**IT IS FURTHER ORDERED DENYING AND DISMISSING WITH PREJUDICE** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 13th day of February, 2015.

Honorable Diane J. Humetewa
United States District Judge